IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| ANDREW J. SCHNEIDER, | ) | |
| | ) | |
| Plaintiff, | ) | 2:18-CV-00064-CRE |
| | ) | |
| vs. | ) | |
| | ) | |
| DANIEL E. MEINERT, INDIVIDUALLY; | ) | |
| | ) | |
| Defendant, | ) | |

## **MEMORANDUM OPINION**[1]

CYNTHIA REED EDDY, Chief United States Magistrate Judge.

### I. INTRODUCTION

This civil action was initiated in this court on January 13, 2018. Plaintiff Andrew Schneider ("Plaintiff") brings the present action against Defendant Daniel E. Meinert ("Defendant") for alleged violating his constitutional rights. This court has subject matter jurisdiction over the controversy pursuant to 28 U.S.C. § 1331.

Presently pending before the court is a motion by Defendant to dismiss the claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (ECF No. 20). For the reasons that follow, Defendant's motion is granted in part and denied in part.

### II. BACKGROUND

Plaintiff has been employed by the Pennsylvania Department of Corrections as a corrections officer for approximately thirteen (13) years. In about 2014, Plaintiff was assigned at State Correctional Institute ("SCI") Greene in Greene County, Pennsylvania and was assigned to

---

[1] All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq*.

1

the Security Search Team ("Team") at SCI Greene. Plaintiff alleges that as a member of the Team he had the authority to reward inmates who acted as confidential informants with valued goods and that this was common practice at SCI Greene. Plaintiff claims that these goods were sourced from items left behind by previous inmates after their release from SCI Greene or from items confiscated from inmates by the Team. Plaintiff alleges that other officers also followed this practice of rewarding inmates for goods in exchange for reliable information. Plaintiff's superior officers on the Team, Lieutenants Silbaugh and Grego had knowledge of SCI Greene's practice of rewarding inmates with goods and encouraged corrections officers assigned to the Team to engage in that practice. Plaintiff claims that at least on one occasion, his immediate supervisor authorized him to provide an inmate with a television in exchange for valuable information.

In 2014, Defendant, a law enforcement officer employed by the Pennsylvania Department of Corrections' Office of Special Investigations was assigned to SCI Greene to investigate allegations that a member of the Team was smuggling outside contraband in the form of narcotics to the inmate population. Plaintiff alleges that he was not the focus of the investigation and cooperated with Defendant's investigation.

In February 2015, Defendant charged three members of the Team, including Plaintiff, with various ethical and procedural violations. Plaintiff alleged that these claims are false and he did not engage in any unauthorized sale of inmate property, but rather provided confidential informants with valuable goods in exchange for reliable information pursuant to SCI Greene's common practice.

In April 2015, Plaintiff was suspended without pay from his position as a corrections officer pending an investigation into Defendant's allegations of Plaintiff's wrongdoing. In June 2015, a pre-disciplinary conference was convened as a result of the investigation into the charges.

At this conference, Plaintiff described it was SCI Greene's common practice of rewarding confidential informants with valuable goods.

In October 2015, about six months after his suspension, Plaintiff was returned to his position as a corrections officer. About six months after Plaintiff returned to work, Defendant charged Plaintiff with tampering with records, criminal solicitation, two counts of unlawful use of a computer and two counts of conspiracy in connection with Defendant's investigation. Plaintiff alleges that because Plaintiff was permitted to return to work after Defendant's allegations were unfounded, that Defendant did not have probable cause to charge Plaintiff. The same date, Plaintiff was suspended without pay from his position as a corrections officer pending investigation into the charges. In March 2016, Plaintiff's previous suspension was retracted and reduced to a one-day suspension and Plaintiff received back pay for the entirety of his prior suspension.

Plaintiff alleges that he was forced to attend numerous court appearances due to the unsubstantiated charges brought by Defendant and that following a jury trial, in January 2017, he was found not guilty of all of the charges brought against him.[2] In February 2017, Plaintiff was returned to his position as a corrections officer.

Plaintiff initiated the present civil rights action on January 13, 2018. He amended his complaint in response to a motion to dismiss filed by Defendant on April 18, 2018. Defendant again filed a motion to dismiss the first amended complaint, to which Plaintiff filed the operative second amended complaint on June 4, 2018. In the operative complaint, Plaintiff alleges two counts pursuant to 42 U.S.C. § 1983: (1) a malicious prosecution claim in violation of the Fourteenth Amendment procedural due process clause; and (2) a reckless prosecution claim in

---

[2] The charges of conspiracy and criminal solicitation were dismissed during trial.

violation of the Fourteenth Amendment due process clause. Defendant again moves to dismiss Plaintiff's second amended complaint, which is the subject of the present decision.

### III. STANDARD OF REVIEW

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft,* 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). Nevertheless, the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Although a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must

be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 555. Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *Id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id*. (citations omitted). In addition, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Lum v. Bank of America*, 361 F.3d 217, 222 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally can consider

"the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").

IV. **DISCUSSION**

> a. *Malicious Prosecution in Violation of the Fourteenth Amendment Procedural Due Process Clause*

First, Defendant alleges that Plaintiff's claim of malicious prosecution fails because the United States Supreme Court has determined that a claim for malicious prosecution cannot be brought under the substantive due process clause of the Fourteenth Amendment. Plaintiff responds that he is bringing his claim for malicious prosecution under the Fourteenth Amendment's procedural due process clause and does not state a substantive due process claim. Further, Plaintiff responds that he also has pleaded a "fabrication of evidence" procedural due process claim.

Primarily, Plaintiff's second amended complaint does not contain any reference to a fabrication of evidence claim or any allegations that would support such a claim. Therefore, the court will not address Plaintiff's contentions that he has adequately stated a fabrication of evidence claim. *See Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005) ("a court is not required to assume that a plaintiff can prove facts not alleged."). To the extent that Plaintiff believes he has sufficient factual support to state such a claim, he may not amend his complaint through briefing, and must seek to amend his complaint.[3] *Commonwealth ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173,

---

[3] Plaintiff has already had two attempts to amend his complaint with the benefit of previewing two motions to dismiss filed by Defendant. While a court should allow amendment where justice so requires, a court is not required to allow amendment where it is apparent from the record that the party has demonstrated undue delay. *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000). Ignorance or a misconception of the law is not an excuse for belatedly presenting an alternative theory of recovery. *Rhymer v. Philip Morris, Inc.*, 164 Fed. Appx. 268, 269 (3d Cir. 2006) (unpublished) (citing *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir.1974) and *Goss v. Revlon, Inc.*, 548 F.2d 405, 407 (2d Cir.1976)).

181 (3d Cir. 1988) (citation omitted) ("[T]he complaint may not be amended by the briefs in opposition to a motion to dismiss.").

Turning to whether Plaintiff has adequately alleged a procedural due process claim for malicious prosecution, neither party has addressed whether the Court of Appeals for the Third Circuit recognizes a Fourteenth Amendment procedural due process claim for malicious prosecution.[4] *Thomas v. City of Philadelphia*, 290 F. Supp. 3d 371, 380–83 (E.D. Pa. 2018) (explaining that it is unsettled whether a procedural due process claim for malicious prosecution exists in the Court of Appeals for the Third Circuit). *See also Halsey v. Pfeiffer*, 750 F.3d 273, 291 n. 14 (3d Cir. 2014); *Torres v. McLaughlin*, 163 F.3d 169, 173 (3d Cir. 1998); *Gallo v. City of Philadelphia*, 161 F.3d 217, 222 (3d Cir. 1998). Therefore, because the burden is on the moving party to show that Plaintiff has failed to state a claim, the court will allow Plaintiff's procedural due process for malicious prosecution claim to proceed to discovery and Defendant may advance this argument at the appropriate procedural juncture. Accordingly, his motion to dismiss is denied in this respect.

    b. *Reckless Investigation in Violation of the Fourteenth Amendment Substantive Due Process Clause*

Next, Defendant argues that Plaintiff has failed to state a substantive due process claim for reckless investigation because the Fourteenth Amendment does not provide an independent substantive due process right to be free from a reckless investigation. Defendant argues that our court of appeals has recently expressed "significant doubts about whether there is an independent substantive due process right to be free from a reckless investigation." Def.'s Br. (ECF No. 21) at 7 (citing *Johnson v. Logan*, 721 Fed. Appx. 205, 208 n. 9 (3d Cir. 2018) (unpublished)). Plaintiff

---

[4]     And by extension, whether Defendant is entitled to qualified immunity.

responds that Defendant relies on dicta placed in a footnote of the court of appeals' opinion and district courts have consistently allowed a substantive due process claim for reckless investigation to proceed. Pl.'s Br. (ECF No. 23) at 4-5 (citing *Thomas v. Stanek*, 2:14-CV-1415, 2015 WL 757574, at *7 (W.D. Pa. Feb. 23, 2015); *Whitley v. Allegheny County*, CIV.A. 07-403, 2010 WL 892207, at *24 (W.D. Pa. Mar. 9, 2010), *aff'd*, 402 Fed. Appx. 713 (3d Cir. 2010) (unpublished)).

While non-precedential opinions from the court of appeals "are not precedents for the district courts of this circuit[,]" *See In re Grand Jury Investig.*, 445 F.3d 266, 276 (3d Cir. 2006), a district court may rely upon non-precedential opinions as "strong[] persuasive authority." *U.S. v. Barney*, 792 F. Supp. 2d 725, 729 (D.N.J. 2011); *cf. City of Newark v. U.S. Dep't of Labor*, 2 F.3d 31, 33 n.3 (3d Cir. 1993) ("Although we recognize that this unpublished opinion lacks precedential authority, we nonetheless consider persuasive its evaluation of a factual scenario virtually identical to the one before us in this case[.]"). Likewise, a lower court should not idly ignore dictum in binding precedent. *Off. Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 561 (3d Cir. 2003); *Oliva-Ramos v. Atty. Gen. of U.S.*, 694 F.3d 259, 275 (3d Cir. 2012) ("dicta should not be so cavalierly cast aside.").

In *Johnson*, the court of appeals in a non-precedential decision called into question the propriety of a reckless investigation claim presented under the substantive due process clause of the Fourteenth Amendment by stating *in toto*:

> We note, without deciding, that **we have significant doubts about whether there is an independent substantive due process right to be free from a reckless investigation**. *Cf. Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009) ("A plaintiff cannot state a due process claim 'by combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment.'" (quoting *McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003))); *Newton v. City of New York*, 566 F.Supp.2d 256, 278 (S.D.N.Y. 2008) ("[T]here is no constitutional right to an adequate investigation.").

8

*Johnson*, 721 Fed. Appx. at 208 n.9 (emphasis added).

While this, without more direction from the court of appeals may not support dismissal of a reckless investigation claim brought under the Fourteenth Amendment, after the parties submitted their briefing on the matter, the court of appeals in a precedential decision again discussed whether the Fourteenth Amendment substantive due process clause supports a claim for malicious prosecution. *Geness v. Cox*, 902 F.3d 344, 354 (3d Cir. 2018). The court of appeals in *Geness* addressed the viability of such a claim and stated *in toto*:

> **Although Geness purports to state a claim for reckless investigation under the Due Process Clause of the Fourteenth Amendment, such a claim, if cognizable, could only arise under the Fourth Amendment.** *See Manuel v. City of Joliet, Ill*, ––– U.S. –––, 137 S.Ct. 911, 919, 197 L.Ed.2d 312 (2017) ("If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment."); *accord Albright v. Oliver*, 510 U.S. 266, 274, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (plurality opinion). Whatever doubts we may harbor as to the viability of such a claim, however, *see Brooks v. City of Chi.*, 564 F.3d 830, 833 (7th Cir. 2009) (observing that "[a] plaintiff cannot state a due process claim by combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment" (citations omitted) ); *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (stating that an officer need not "explore and eliminate every theoretically plausible claim of innocence" even if "an investigation might have cast doubt upon the basis for the arrest" (citations omitted) ), we have no occasion to resolve them today. First, no such constitutional right was "clearly established" at the relevant time, as required to overcome qualified immunity. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011). Second, such a claim, in any event, would be time barred and, for the reasons we discuss below, would not survive summary judgment. *See infra* Section IV.B.2.

*Geness*, 902 F.3d at 354 n. 5 (emphasis added).

While the court of appeals has not squarely decided whether a claim for reckless investigation can be supported by the Fourteenth Amendment substantive due process clause, due to the compelling persuasive value of the dicta found in both of the *Johnson* and *Geness* decisions, the court finds that Plaintiff's claim for reckless investigation can only arise under the Fourth

Amendment and Plaintiff's Fourteenth Amendment substantive due process claim for reckless investigation must be dismissed with prejudice.[5]

## V. CONCLUSION

Based on the foregoing, Defendant Meinert's motion to dismiss (ECF No. 20) is granted in part and denied in part.

An appropriate Order follows.

DATED this 21st day of March, 2019.

BY THE COURT:

s/Cynthia Reed Eddy
Chief United States Magistrate Judge

---

[5] At least one court has dismissed a Fourteenth Amendment due process claims for reckless investigation with prejudice relying upon the *Geness* decision. *See Weimer v. County of Fayette, Pennsylvania*, CV 17-1265, 2018 WL 4385242, at *9 (W.D. Pa. Sept. 14, 2018) (dismissing claim for reckless investigation under the Fourteenth Amendment due process clause in light of *Geness*); *Weimer v. County of Fayette, Pennsylvania*, CV 17-1265, 2018 WL 4404033, at *10 (W.D. Pa. Sept. 14, 2018) (same); *Weimer v. County of Fayette, Pennsylvania*, CV 17-1265, 2018 WL 4404049, at *11 (W.D. Pa. Sept. 14, 2018) (same); *Weimer v. County of Fayette, Pennsylvania*, CV 17-1265, 2018 WL 4404055, at *7 (W.D. Pa. Sept. 14, 2018) (same). Additionally, the cases cited by Plaintiff for the proposition that district courts have previously recognized a due process reckless investigation claim predate the decisions of both *Johnson* and *Geness* and therefore were decided without the benefit of the court of appeals' strong persuasive authority against recognizing such a claim.